UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62002-CIV-COHN/SELTZER

BETTY DUROSIER,

    Plaintiff,

v.

DEPARTMENT OF CHILDREN
AND FAMILY SERVICES,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss [DE 17] ("Motion"). The Court has carefully reviewed the Motion, along with Plaintiff's Response [DE 20] and Defendant's Reply [DE 23], and is otherwise fully advised in the premises.

**I.  Background**

On September 13, 2013, Plaintiff Betty Durosier filed this action against Defendant Department of Children and Families. See DE 1 (Compl.). Plaintiff's claims arise from her employment with Defendant from May 29, 2009, to August 14, 2012. See id. at 2, ¶ 6; id. at 3, ¶ 9. In general, Plaintiff alleges that Defendant discriminated and retaliated against her based on her Haitian national origin. See id. at 2, ¶ 6; id. at 4, ¶ 14.

But the specific claims asserted by Plaintiff, and the facts supporting those claims, are far less clear. At various points in her Complaint, Plaintiff invokes Title VII of the Civil Rights Act of 1964, see 42 U.S.C.A. § 2000e–2000e-15 ("Title VII"); 42 U.S.C. § 1981; and the Florida Civil Rights Act of 1992, see Fla Stat. §§ 760.01– 760.11 ("FCRA"). Also sprinkled throughout the Complaint are references to three

discrimination theories:  hostile work environment, disparate treatment, and retaliation (apparently including termination).  Indeed, Plaintiff mixes and matches these theories within three Counts titled, respectively, (1) "DEFENDANTS HAVE VIOLATED TITLE VII (Disparate Treatment AND hostile work environment) AND SECTION 1981," (2) "CLAIM OF RACE DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT," and (3) "PLAINTIFF'S CLAIM OF RETALIATION IN VIOLATION OF TITLE VII AND FCRA."  DE 1 at 4-8 (emphasis omitted).

More, Plaintiff offers few tangible facts to support her claims.  One paragraph rattles off a series of generalized allegations against one of Plaintiff's supervisors:

> From the inception Supervisor Arena, used terms as:
>
> unfair treatment about administrative agency policies and procedure such as constant harassment while on leave of absence and transfer request denial, constant outlandish complaints and accusations with regular related duties and appropriate protocols, constant questioning plaintiff's ability to perform the job and the plaintiff's English proficiency, and retaliation for complaining about the hostile work environment.

DE 1 at 3, ¶ 10.  Besides these broadly worded assertions, though, the Complaint nowhere offers any coherent description of the factual basis for Plaintiff's claims.  And some paragraphs omit factual information or cross-references that cannot be gleaned from elsewhere in the Complaint.  See id. at 3, ¶ 8 ("That Defendant's website reads:  [].");  id. at 4, ¶ 18 (claiming that Plaintiff was "subjected [to] a hostile work environment as described in paragraphs [] because of her national origin");  id. at 7, ¶ 36 ("That the Defendant retaliated against the Plaintiff as described in paragraphs [].").

Last, as relevant here, Plaintiff contends that she has "exhausted her administrative remedies" and has fulfilled "[a]ll conditions precedent to institution of this action."  DE 1 at 2, ¶ 3.  Specifically, Plaintiff explains that she "filed a charge of

2

discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and thereafter, by letter the EEOC issued Plaintiff a Notice of Right to Sue, Plaintiff initiated this action within ninety (90) days of receipt of the EEOC's Notice of Right to Sue." Id.

In response to the Complaint, Defendant filed its present Motion. See DE 17. Defendant first argues that Plaintiff has not sufficiently pleaded that she timely exhausted her administrative remedies before filing her Title VII and FCRA claims. See 42 U.S.C. § 2000e-5(e)(1) (as pertinent here, requiring employee to file EEOC charge within 300 days after an alleged unlawful employment practice occurred); id. § 2000e-5(f)(1) (requiring employee to file civil action within 90 days after receiving notice of right to sue); Fla. Stat. § 760.11(1), (5) (imposing parallel, though not identical, filing requirements with the Florida Commission on Human Relations). Too, Defendant maintains that Plaintiff is improperly seeking to pursue claims that were not included in her EEOC charge. See Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 169 (11th Cir. 1988) ("It has long been established in this circuit that the scope of a judicial complaint is defined by the scope of the EEOC investigation that 'can reasonably be expected to grow out of the charge of discrimination.'" (quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970))).[1] Defendant further asserts that certain counts of Plaintiff's Complaint should be dismissed because they combine discrimination and retaliation claims under distinct statutes with different elements and defenses. See Fed. R. Civ. P. 8(a)(2), 10(b).

---

[1] Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

**II.     Discussion**

To withstand a Rule 12(b)(6) dismissal motion, a complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint therefore must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (alteration, citations & internal quotation marks omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557 (alteration in original)).

At this stage in the litigation, a court must accept the facts alleged in the complaint as true and draw all reasonable inferences therefrom in the plaintiff's favor. See Twombly, 550 U.S. at 555-56.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove the necessary facts. See id.  Nonetheless, the court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

For the reasons addressed in Part I, the Court concludes that Plaintiff has not alleged a plausible claim for relief under any of the cited statutes.  The hodgepodge of legal theories combined in the three Counts of the Complaint, together with the lack of

any specific allegations supporting these theories, fail to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Also, Plaintiff's blending of multiple theories in different counts violates the rule that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Fed. R. Civ. P. 10(b).  These are not just technical pleading defects. They prevent Defendant (and the Court) from having clear notice of the legal and factual bases of Plaintiff's claims and from determining whether each claim was properly exhausted.  The Court will therefore dismiss Plaintiff's Complaint with leave to replead in accordance with this Order.

     Given this ruling, the Court declines to address at this time Defendant's arguments concerning Plaintiff's EEOC charge.  Plaintiff should bear in mind, however, that if Defendant specifically raises these issues again in response to Plaintiff's Amended Complaint, then Plaintiff will bear the burden of proving that the condition precedents for this suit have been met.  See Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1010 (11th Cir. 1982); see also Bryant v. Rich, 530 F.3d 1368, 1375 (11th Cir. 2008) (explaining that exhaustion of administrative remedies "should be decided on a Rule 12(b) motion to dismiss").  The Court also notes that while Plaintiff may be seeking to pursue a claim under 42 U.S.C. § 1981, that statute applies only to discrimination based on race, not on national origin.  See Little v. United Techs., Carrier Transicold Div., 103 F.3d 956, 961 (11th Cir. 1997) ("It is well-established that § 1981 is concerned with racial discrimination in the making and enforcement of contracts."); see also Ganpath v. Advance Stores Co., 2011 WL 6069336, at *6 (S.D. Fla. Dec. 6, 2011) (distinguishing alleged race-discrimination claims from unasserted claims for national-origin discrimination).  Assuming that she has a reasonable basis for pursuing

5

her claims in light of these restrictions, Plaintiff is free to file an Amended Complaint. See Fed. R. Civ. P. 11(b).

### III. Conclusion

For the reasons discussed, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 17] is **GRANTED**;

2. Plaintiff's Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE**;

3. By no later than **October 14, 2014,** Plaintiff may file an Amended Complaint consistent with this Order. If Plaintiff does not timely file an Amended Complaint, this case will be closed; and

4. If Plaintiff elects to file an Amended Complaint, Defendant shall respond to that Complaint by no later than **November 4, 2014.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of September, 2014.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF